W. M. HAYS v. H. F. FORBES.

*Contract—Arbitration, non-compliance with—Evidence.*

A tenant in common of land conveyed his undivided interest therein to a creditor under an agreement that the value of the interest should be afterwards ascertained by two men, one to be selected by each party and they to select an umpire in case of disagreement, and the difference between the debt and the value of the land should be then adjusted between the parties; such arbitration was not

had, but the land was divided between the grantee and the other tenants in common by arbitrators of their own selection, who placed a valuation on the several shares: *Held*, in an action by the debtor against his creditor for the difference between the debt and the valuation fixed upon the land by the arbitrators, the report of the arbitrators as to the respective shares was improperly admitted, such arbitrators not having been selected according to the agreement.

Civil action, tried before *Graves, J.*, and a jury, at Fall Term, 1892, of Gaston Superior Court.

This action was to recover the difference between a debt which the plaintiff owed the defendant and the value of land conveyed to defendant under an agreement to adjust such difference. Plaintiff testified that being indebted to defendant he conveyed by absolute deed his undivided interest in a tract of land to the defendant, with the understanding and agreement that the land was to be divided and assessed by two men to be selected by them, and if the arbitrators could not agree they were to choose another, and they should fix the value; that the land was divided between the defendant and the other tenants in common by arbitrators selected by defendant and his co-tenants; that defendant advised him, plaintiff, not to go to the arbitration; that after such division and assessment he went to defendant, who denied the contract, and said he did not owe plaintiff anything.

Plaintiff then offered in evidence the report of the arbitrators, showing a valuation of the land conveyed by plaintiff to defendant at $500, which was admitted against the objection of defendant, who contended that it was incompetent for the reason that, as appeared by the submission to arbitration (which was read), the proceedings were had between the defendant and his co-tenants solely for a division of the land among themselves, and not to ascertain the value of the land for the purpose of a settlement between him and the plaintiff.

The material part of the testimony of defendant was the submission to arbitration by defendant and his co-tenants, which was put in evidence, showing that they agreed to "abide by the decision of the following arbitrators, etc., in the lands of Lerry Hays, deceased, for partition and division, according to their several interests."

The following issue was submitted to the jury:

"Is the defendant indebted to the plaintiff, and if so, how much?"

Defendant asked the following instruction:

"If the jury should believe that there was an agreement between the parties that the land should be valued after the partition by two men, one to be selected by each, and such valuation has not been made, and that no demand for such valuation has been made by the plaintiff, the plaintiff cannot recover in this action, and the answer to the issue should be, 'Nothing.'"

The Court gave this instruction, but added, "Unless the jury shall find that plaintiff was prevented from making such demand for arbitration by the conduct of the defendant; if plaintiff demanded that defendant pay him what he owed him and defendant denied owing him anything, that would relieve plaintiff from demanding an arbitration." And to the refusal of the Court to give the instruction as asked, and to his addition thereto, defendant excepted.

The jury found the issue in favor of the plaintiff, and assessed his damages at $259.16.

There was judgment for the plaintiff, and defendant appealed.

*Mr. G. F. Bason,* for plaintiff.
No counsel *contra.*

PER CURIAM: We see no objection to the charge of his Honor, but in view of the testimony of the plaintiff we think the report of the arbitrators should not have been submitted to the jury. The plaintiff testified that the value of the land was to be ascertained by two men, one to be chosen by himself and the other by defendant, and if these two could not agree, they were to select a third person to act with them. This was not done, but arbitrators were selected by the defendant and the other tenants in common for the purpose of dividing the land. These arbitrators not having been selected according to the agreement, as stated by the plaintiff, their report as to the value of the respective shares was improperly admitted. The exception to this evidence is sustained, and there must be a

New Trial.